**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Jon Michael Vitale, | C/A No.: 3:19-cv-00529-RBH |
| Plaintiff, | |
| v. | **MOTION TO CONDUCT/COMPEL DISCOVERY** |
| Mimedx Group, Inc., Parker H. Petit, and William C. Taylor, | |
| Defendants. | |

The purpose of this motion by the Plaintiff is to resolve a discovery dispute between Plaintiff and Defendant Mimedx Group, Inc. Plaintiff requests that discovery requests he mail-served on Defendant Mimedx Group, Inc. on August 9, 2019 be deemed appropriate under Fed. R. Civ. P 26(d)(1) in accord with this Court's Order at Dkt. 33.

**1. Background**

Defendants Petit and Taylor filed a motion to dismiss this action under Rule 12(b)(1) and Rule 12(b)(6). (Dkt. 20: Parker/Taylor Motion). Plaintiff, in responding to the personal jurisdiction portion of that motion, requested leave to conduct jurisdictional discovery. (Dkt. 25: Pl. MIO Parker/Tayler pp. 7-13). The Court granted Plaintiff leave to conduct jurisdictional discovery via a text order entered on August 2, 2019. (Dkt. 33). That Order, as relevant, provided:

> The Court holds it would be reasonable to allow Plaintiff and Petit and Taylor the opportunity to conduct limited discovery on the issue of personal jurisdiction. Accordingly, the Court DIRECTS Plaintiff and Petit and Taylor to conduct discovery on the issue of personal jurisdiction.

(Dkt. 33). Plaintiff in the process of "conduct[ing]" jurisdictional discovery served a limited number of interrogatories, requests for production, and requests to admit to Parker and Petit by

hand delivery on August 9, 2019 and a limited number of interrogatories, requests for production, and requests to admit to Defendant Mimedx Group, Inc. (Ex. 1: Discovery Requests to Mimedx) by mail-service on August 9, 2019.

## 2. Discovery Dispute

Defense counsel for Defendant Mimedx emailed Plaintiff's counsel on August 9, 2019 to express that Defendant Mimedx's position was that the Order to conduct jurisdictional discovery in singling out "Plaintiff and Petit and Taylor" did not allow Plaintiff to serve discovery requests on Defendant Mimedx. Defendant Mimedx also seemed to insinuate that the nature of Plaintiff's requests was not sufficiently tailored to apply to the jurisdictional issues in play.

Plaintiff, regarding the former point, appreciates Defendant Mimedx's perspective in reading the Order and, though disagreeing with that perspective, agrees Mimedx raises a reasonable interpretation of the Court's Order. However, Plaintiff read the order permitting him to "conduct" jurisdictional discovery as allowing him to serve discovery requests on Mimedx so long as they were pertinent to the jurisdictional issues in play. It is foreseeable that Defendants Petit and Taylor may answer several discovery requests by stating that they do not have the requisite knowledge or materials requested because such materials were retained by Mimedx after they left Mimedx. (*See*, Dkt. 1-1: Compl. ¶¶ 3-4)("Petit . . . was the CEO")("Taylor . . . was the President and COO"). Therefore, Plaintiff read the Order to conduct jurisdictional discovery to mean that Plaintiff could serve jurisdictional discovery requests on Defendant Mimedx. Plaintiff respectfully submits that without this rendering, the purpose of jurisdictional discovery in this case will be frustrated.

Plaintiff, regarding the later point, disagrees that the limited requests served exceed the scope of jurisdictional discovery. The purpose of Plaintiff's discovery requests are to discern

whether Defendants Petit and Taylor directed tortious conduct to South Carolina and a South Carolina citizen thereby. (*See*, Dkt. 25 pp. 7-13) (*generally*). Indeed, Plaintiff's requests to Defendant Mimedx focus on the letter and intent of the press release and comments in the Atlanta Journal Constitution article claimed to be defamatory in this case and Defendants Petit and Taylor's level of knowledge about Plaintiff's termination when those comments were made. (Ex. 1: Disc. Req. to Mimedx). As such, Plaintiff respectfully submits that his discovery requests are limited to the jurisdictional issue presently before the Court.

### 3. Alternative Request to Conduct Discovery

Plaintiff, to the extent he misread the Court's Order on jurisdictional discovery, respectfully moves this Court to allow him to treat the discovery requests he served to Mimedx as proper. This Court can order and allow discovery at this stage. *See*, Fed. R. Civ. P 26(d)(1). Further, because it is foreseeable that Defendants Petit and Taylor may state that the information sought by Plaintiff in his requests to them is retained by Mimedx, such discovery is necessary to answer the question of specific jurisdiction regarding Defendants Petit and Taylor. Plaintiff then, if Dkt. 33 was not intended to allow him to serve discovery requests on Mimedx, moves this Court for an order allowing him to treat the previously served discovery requests on Mimedx as properly served. Plaintiff further requests that those requests be retroactively treated as appropriately mail-served on August 9, 2019 since the Plaintiff has a limited time pursuant to Dkt. 33 to conduct jurisdictional discovery.

### 4. Consultation

Plaintiff consulted with Defendant Mimedx before filing this motion. Mimedx did not agree to respond to the discovery sought.

**5. Conclusion**

Plaintiff, based on the foregoing, requests either:

1. That the Court compel Defendant Mimedx to respond to Plaintiff's jurisdictional discovery requests mail-served to it on August 9, 2019 within 35 days of mailing pursuant to Dkt. 33; **Or**

2. That the Court allow Plaintiff to otherwise conduct jurisdictional discovery to Defendant Mimedx regarding the conduct of Defendants Petit and Taylor pursuant to Rule 26, and, in so doing, treat Plaintiff's August 9, 2019 as appropriately mail-served when they were served.

**CROMER BABB PORTER & HICKS, LLC**

BY:     s/J. Paul Porter
         J. Paul Porter (#11504)
         Elizabeth Bowen (#12705)
         1418 Laurel Street, Suite A
         Post Office Box 11675
         Columbia, South Carolina 29211
         Phone  803-799-9530
         Fax     803-799-9533

*Attorneys for Plaintiff*

August 13, 2019
Columbia, South Carolina