**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Jon Michael Vitale, | C/A No.: 3:19-cv-00529-RBH |
| Plaintiff, | |
| v. | **MOTION TO CONDUCT/COMPEL DISCOVERY** |
| Mimedx Group, Inc., Parker H. Petit, and William C. Taylor, | |
| Defendants. | **EXHIBIT ONE** |

**Exhibit One: Discovery Requests to Mimedx Group, Inc.**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jon Michael Vitale,<br><br>Plaintiff,<br><br>v.<br><br>Mimedx Group, Inc., Parker H. Petit, and William C. Taylor,<br><br>Defendants. | C/A No.: 3:19-cv-00529-RBH<br><br><br>**PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT MIMEDX GROUP, INC.** |

**TO:   WILLIAM H. FOSTER, ESQUIRE, ATTORNEY FOR DEFENDANT MIMEDX GROUP, INC.**

### INTERROGATORIES & PRODUCTION REQUESTS

Plaintiff, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, propounds his First Set of Interrogatories and Requests for Production to the defendant(s) as set forth below and requests that the defendant(s) serve their responses in writing along with copies of the requested documents to the undersigned counsel within thirty (30) days of service hereof. These Interrogatories and Requests for Production of Documents are of a continuing nature and the defendant(s) responses thereto shall be supplemented from time to time as required by Rule 26 of the Federal Rules of Civil Procedure.

### REQUESTS TO ADMIT

Pursuant to Rules 36 of the South Carolina Rules of Civil Procedure, the plaintiff hereby propounds his First Set of Requests for Admission to the defendant as set forth below, and requests that the defendant serve their responses in writing to the undersigned counsel within thirty (30) days of service hereof. These Requests for Admission shall be of a continuing nature and the defendant(s) responses thereto shall be supplemented from time to time as required by Rule 26 of the Federal Rules of Civil Procedure.

### DEFINITIONS & INSTRUCTIONS

1. "Defendant(s)," "you," or "your" refer without limitation to the named defendant(s) including all agents, employees, and representatives acting on the behalf of the same.

2. "Document" is used in its customary broad sense to mean every writing or record of every type and description that is in the possession, control, or custody of the defendant(s), including, without limitation, the following items, whether printed, computerized, taped, or recorded, filmed, reproduced by any process, written or produced by hand, and whether an

1

original, master or copy, namely: agreements; communications, including intra-company communications and correspondence; text messages; e-mails; notes; memoranda; summaries, minutes and records of telephone conversations, meetings and conferences, including lists of persons attending meetings or conferences; summaries and records of personal conversations or interviews; books; manuals, publications; diaries; charts; financial records and/or summaries of financial records of any kind; photographs; reports and/or summaries of investigations and/or surveys; opinions and reports of consultants; reports and summaries of negotiations; drafts of originals or preliminary notes on, and marginal comments appearing on, any documents; other reports and records; any other paper or physical or electronic thing containing writing; every copy of such writing or record where the original is if not in the possession, custody, or control of the defendant(s), every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

3. The word "document" also shall be deemed to include computer records or other records, including voice mail or e-mail records maintained in a computer or other electronic storage medium, from which the record can be obtained, translated, if necessary, by the defendant(s) through detection devices into reasonably useable form. Such electronic records may include, but are not limited to data, data files, data structures, and all other information reduced and recorded by software (such as word processors, databases, spreadsheets, communications programs, and the like). In lieu of producing the "hard copy" of the document(s) sought, the defendant(s) may produce copies of the data in electronic form, including appropriate software, if necessary to translate the record into a useable format.

4. "Date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation (including its relationship to other events).

5. "Person" shall mean any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

6. When asked to "identify" any corporation, partnership, business entity or other "person," the defendant(s) is/are requested to name the person or entity and provide at least sufficient information to enable the person or entity to be subpoenaed, including present or last known address and telephone number, occupation, job title, business affiliation and/or nature of business.

7. When used in conjunction with the term "document" or "documents," "identify" or "describe" shall mean to provide sufficient identifying information to enable the document to be subpoenaed, including its title and/or subject matter; its date; its author or person signing the document; and the name and address of its present custodian. When the identification and description of documents are requested, the defendant(s) may, in lieu of identifying and describing the documents, attach legible copies of the documents to the response to these Interrogatories, provided that each document is appropriately marked to identify the Interrogatory to which the document is responsive.

8. If in response to any Interrogatory or Request for Production, there is any response that is not fully given because of a claim of privilege or "work product," describe the substance or

2

content of the underlying information for which a privilege is asserted and the basis for the claim of privilege with sufficient detail to permit evaluation of the claim. You are required to answer the Interrogatory or respond to the Request for Production to the extent that it is not subject to the objection or privilege.

9.    These Interrogatories and Requests for Production of Documents are deemed continuing to the extent provided by the Federal Rules of Civil Procedure.   If after answering these Interrogatories, the defendant(s) obtains or becomes aware of any further information responsive to these Interrogatories, plaintiff requests that the defendant(s) updates and amends his responses herein.

## GENERAL INTERROGATORIES

1.    Identify all South Carolina sales representatives who were terminated in December 2016.

**Answer:**

2.    Identify all sales representatives responsible for business in South Carolina who were terminated in December 2016.

**Answer:**

3.    Identify all individuals in MiMedx's sales organization who were disciplined by MiMedx in accord with Defendant Petit's statement in the MiMedx press release:

> . . . Additionally, we have taken disciplinary action against a small number of other individuals in our sales organization who were also found to be associated with this or similar improper acts.

(Dkt. No. 20-1).

**Answer:**

4.    Identify all employees referenced in Defendant Taylor's statement below:

> The Company took employment actions with various other employees based on the degree of transgression and the openness and willingness of these employees to cooperate in the Company's investigation. No legal actions have been taken with individuals who have cooperated and have been truthful with the Company during the investigation.

(Dkt. 20-1).

**Answer:**

5.    Identify the employment actions taken against the persons identified in the response to Interrogatory 4.

**Answer:**

6.    Identify the salesperson referenced by Defendant Petit in his quote published in the American Journal Constitution in May 2018 (Dkt. 20-2).

**Answer:**

7.    Explain any denials to the below requests to admit.

**Answer:**

## REQUESTS FOR PRODUCTION

1.    All documents, electronic mail messages, metadata, memoranda, notes, correspondence, drafts, and written material of any kind that relate or refer in any way to the press release issued by MiMedx on December 30, 2016. (Dkt. 20-1).

**Response:**

2.    All documents, electronically stored information, electronic mail messages, metadata, memoranda, notes, correspondence, drafts, and written material of any kind that relate or refer in any way to the article published by the Atlanta Journal Constitution, *VA workers accused of taking gifts to push Marietta firm's products.* (Dkt. 20-2).

**Response:**

3.    All documents, electronically stored information, electronic mail messages, metadata, memoranda, notes, correspondence, drafts, and written material of any kind that relate or refer in any way to the disciplinary actions taken in December 2016 as a result of MiMedx's investigation referenced in (Dkt. 20-1).

**Response:**

4.    All communications (in any format) to or from Defendant Petit referring or relating to the Plaintiff from October 2016 to March 2018.

**Response:**

5.    All communications (in any format) to or from Defendant Taylor referring or relating to the Plaintiff from October 2016 to January 2017.

**Response:**

6.    All documents, electronically stored information, electronic mail messages, metadata, memoranda, notes, correspondence, drafts, and written material of any kind identified, referred to, or utilized by Defendant in answering Plaintiff's Interrogatories and Requests to Admit.

**Response:**

4

## REQUESTS TO ADMIT

1.     Admit that MiMedx accused Plaintiff of competing with MiMedx in December 2016.

**Response:**

2.     Admit that Plaintiff was the only South Carolina sales representative terminated by MiMedx in December 2016.

**Response:**

3.     Admit that Plaintiff was the only sales representative responsible for a South Carolina facility that was terminated in December 2016.

**Response:**

4.     Admit that MiMedx did not terminate Taft Mills in December 2016.

**Response:**

5.     Admit that Plaintiff was among the "small number of other individuals" referenced in the press release issued by MiMedx on December 30, 2016. (Dkt. 20-1).

**Response:**

6.     Admit that Plaintiff was the sales representative referenced in Defendant Petit's quote published by the American Journal Constitution on May 11, 2018:

> . . . the allegations in the indictment handed down in South Carolina this week involve the dealings of just one sales representative who MiMedx fired a year and a half ago."

(Dkt. 20-2).

**Response:**

7.     Admit that Plaintiff was among the "various other employees" referenced in Defendant Taylor's statement in MiMedx's press release issued on December 30, 2016. (Dkt. 20-1).

**Response:**

CROMER BABB PORTER & HICKS, LLC

BY:_____

J. Paul Porter (# 11504)
1418 Laurel Street, Suite A
Post Office Box 11675
Columbia, South Carolina 29211
Phone  803-799-9530
Fax     803-799-9533

*Attorneys for Plaintiff*

August 9, 2019
Columbia, South Carolina

6

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jon Michael Vitale,<br><br>     Plaintiff,<br><br>v.<br><br>Mimedx Group, Inc., Parker H. Petit, and William C. Taylor,<br><br>     Defendants. | C/A No.: 3:19-cv-00529-RBH<br><br><br>**CERTIFICATE OF SERVICE** |

This is to certify that the undersigned employee of Cromer Babb Porter & Hicks, LLC, did serve on August 9, 2019, a copy of the foregoing documents, by first class mail, postage prepaid, and electronic mail to the following counsel of record at the below indicated addresses:

J. Calhoun Watson, Esquire
Beth Burke Richardson, Esquire
1310 Gadsden Street
Post Office Box 11449
Columbia, South Carolina 29211
cwatson@robinsongray.com
brichardson@robinsongray.com

William H. Foster, Esquire
LITTLER MENDELSON, P.C.
220 North Main Street, Suite 500
Greenville, SC 29601
bfoster@littler.com

William D. Weinreb, Esquire
Michael T. Packard, Esquire
Quinn Emanuel Urquhart & Sullivan
111 Huntington Avenue, Suite 520
Boston, MA 02199
billweinreb@quinnemanul.com
michaelpackard@quinnemanuel.com

J. Paul Porter