IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jon Michael Vitale,<br><br>   Plaintiff,<br><br>vs.<br><br>MiMedx Group, Inc. Parker H. Petit, and William C. Taylor,<br><br>   Defendants. | Civil Action No. 3:19-cv-00529-RBH<br><br>ANSWER OF DEFENDANT MIMEDX GROUP, INC. |

Defendant MiMedx Group, Inc. ("MiMedx" or "Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff Jon Vitale's Complaint as follows:

Unless otherwise specifically admitted herein, Defendant generally denies all of Plaintiff's allegations contained in the Complaint. Each numbered paragraph below corresponds to the same numbered paragraph of the Complaint.

**PARTIES AND JURISDICTION**

1. Defendant is without sufficient knowledge to admit or deny the Plaintiff's current residency and therefore Paragraph 1 is denied.

2. Answering the allegations of Paragraph 2, Defendant admits only that it is a publicly traded company conducting business in South Carolina and that it employed the Plaintiff in South Carolina. Defendant admits that it manufactures and sells amniotic tissue for medical use, but denies any other characterization of its business activities and denies any remaining allegations of Paragraph 2.

3. Answering the allegations of Paragraph 3, Defendant admits only that Mr. Petit was formerly its CEO and a member of its Board of Directors. Defendant is without sufficient

knowledge to admit or deny Mr. Petit's current residency and therefore the remaining allegations of Paragraph 3 are denied.

4. Answering the allegations of Paragraph 4, Defendant admits only that Mr. Taylor was formerly its COO and a member of its Board of Directors. Defendant is without sufficient knowledge to admit or deny Mr. Taylor's current residency and therefore the remaining allegations of Paragraph 4 are denied.

5. Paragraph 5 is admitted.

6. The allegations of Paragraph 6 constitute legal conclusions for which no response is required, and further refer to the jurisdiction of the state court from which this Action was removed. To the extent a response is deemed required, Defendant does not contest that this Court has jurisdiction over the Defendant with respect to this action.

7. The allegations of Paragraph 7 constitute a characterization of Plaintiff's legal claims, for which no response is required. To the extent a response is deemed required, Paragraph 7 is denied.

8. The allegations of Paragraph 8 constitute legal conclusions for which no response is required, and further refer to the jurisdiction of the state court from which this Action was removed. To the extent a response is deemed required, Defendant does not contest subject matter jurisdiction or venue in this Action. However, Defendant specifically denies that it committed any unlawful or wrongful acts, and denies that it engaged in any conduct that would subject it to liability or which entitles Plaintiff to any remedy or relief of any kind.

## FACTUAL ALLEGATIONS

9. Defendant admits the allegations of Paragraph 9.

10. Answering the allegations of Paragraph 10, Defendant admits only that Plaintiff's job duties as an Account Executive included selling MiMedx products to healthcare providers. Defendant denies any remaining allegations of Paragraph 10 inconsistent with the foregoing.

11. Defendant admits the allegations of Paragraph 11.

12. Defendant is without sufficient knowledge to admit or deny the Plaintiff's past experience and therefore the allegations of Paragraph 12 are denied.

13. The allegations of Paragraph 13 are denied.

14. Answering the allegations of Paragraph 14, Defendant admits only that Plaintiff was disciplined by the Defendant for failing to follow established Company procedures. The remaining allegations of Paragraph 14, including any characterization of Defendant's disciplinary action are denied.

15. The allegations of Paragraph 15 are denied.

16. The allegations of Paragraph 16 are denied.

17. Answering the allegations of Paragraph 17, Defendant admits only that Plaintiff had met some of his sales goals and received an award on one occasion. The remaining allegations of Paragraph 17, including Plaintiff's characterization of his performance and projected sales, are denied.

18. Answering the allegations of Paragraph 18, Defendant admits only that it has been involved in certain matters of public record involving allegations related to the distribution of products. The remaining allegations in Paragraph 18 are denied.

19. Answering the allegations of Paragraph 19, Defendant admits only that it has been involved in certain legal proceedings with former employees. The remaining allegations in Paragraph 19 are denied.

20. Answering the allegations of Paragraph 20, Defendant admits only that Dorn VA was one of Plaintiff's accounts. Defendant denies any remaining allegations of Paragraph 20 inconsistent with the foregoing.

21. Answering the allegations of Paragraph 21, Defendant admits only that it contracted with a distributor, AvKare, Inc., to distribute its products to Dorn VA. Defendant denies any remaining allegations of Paragraph 21.

22. The allegations of Paragraph 22 are denied.

23. Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 23 and therefore they are denied.

24. Defendant is without sufficient knowledge to admit or deny the content of an alleged conversation to which it was not a party, and therefore the allegations of Paragraph 24 are denied.

25. Defendant is without sufficient knowledge to admit or deny the content or meaning of an alleged conversation to which it was not a party, and therefore the allegations of Paragraph 25 are denied.

26. Answering the allegations of Paragraph 26, Defendant admits only that it agreed to the return of products that had been distributed to Dorn Veteran's Hospital on consignment, which were valued at approximately $300,000. The remaining allegations in Paragraph 26 are denied.

27. Answering the allegations of Paragraph 27, Defendant admits only that, following communication with the Plaintiff, it authorized the return of product from Dorn Veteran's Hospital. The remaining allegations in Paragraph 27 are denied.

28. The allegations of Paragraph 28 are denied.

29. The allegations of Paragraph 29 are denied.

30. The allegations of Paragraph 30 are denied. Further answering, Defendant specifically denies that it committed any unlawful or wrongful acts with regard to products distributed to Dorn Veterans Hospital and vigorously denies Plaintiff's characterization of its intentions and/or actions as unethical or unlawful.

31. The allegations of Paragraph 31 are denied. Further answering, Defendant specifically denies that it committed any unlawful or wrongful acts with regard to products distributed to Dorn Veterans Hospital and vigorously denies Plaintiff's characterization of its intentions and/or actions as unethical or unlawful.

32. Answering the allegations of Paragraph 32, Defendant admits only that it agreed to the return of products that had been distributed to Dorn Veteran's Hospital in or around November 2016, and that it gave Plaintiff specific instructions on shipping the products to Defendant. Defendant denies any remaining allegations of Paragraph 32 inconsistent with the foregoing.

33. Answering the allegations of Paragraph 33, Defendant admits only that it instructed the Plaintiff to ship the products via FedEx, per the Company's standard procedure. The remaining allegations in Paragraph 33 are denied.

34. Defendant is without sufficient knowledge to admit or deny the Plaintiff's prior shipping methods, and therefore the allegations of Paragraph 34 are denied.

35. Defendant is without sufficient knowledge to admit or deny the Plaintiff's prior shipping methods, and therefore the allegations of Paragraph 35 are denied. Further answering, Defendant submits that it requires and instructs all employees to use FedEx for any shipments, per the Company's standard procedure.

36. The allegations of Paragraph 36 are denied.

37. The allegations of Paragraph 37 are denied.

38. The allegations of Paragraph 38 are denied.

39. The allegations of Paragraph 39 are denied.

40. Answering the allegations of Paragraph 40, Defendant admits only that it did not receive the package and requested Plaintiff to accurately report the loss via the appropriate channels. The remaining allegations of Paragraph 40 are denied. Further answering, Defendant states that its failure to receive the package was subsequently confirmed when a nearby business informed Defendant that the package had been delivered to its address, and not to the Defendant's. This confirmation, which was known to the Plaintiff prior to his filing this lawsuit accusing the Defendant of insurance fraud, is evidenced by the Affidavit of Mr. Bryan Sizemore, which is attached hereto as **Exhibit A**.

41. Defendant is without sufficient knowledge to admit or deny the Plaintiff's mental impressions, and therefore the allegations of Paragraph 41 are denied.

42. Defendant is without sufficient knowledge to admit or deny the Plaintiff's actions, and therefore the allegations of Paragraph 42 are denied. Further answering, Defendant specifically denies that it received the package and denies that any of its employees accepted such delivery.

43. Answering the allegations of Paragraph 43, Defendant admits only that it communicated with Plaintiff regarding the whereabouts of the lost package. Defendant denies any remaining allegations of Paragraph 43 inconsistent with the foregoing.

44. Answering the allegations of Paragraph 44, Defendant admits only that it communicated with Plaintiff regarding the whereabouts of the lost package and that it informed the Plaintiff, truthfully and correctly, that it had not received the package. The remaining allegations of Paragraph 44 are denied. Further answering, Defendant specifically denies that any of its employees signed for the package, which was not delivered to Defendant.

45. Answering the allegations of Paragraph 45, Defendant admits only that it communicated with Plaintiff via email regarding the whereabouts of the lost package and that it informed the Plaintiff, truthfully and correctly, that it had not received the package. The remaining allegations of Paragraph 45 are denied.

46. Defendant is without sufficient knowledge to admit or deny the content or meaning of an alleged conversation to which it was not a party, and therefore the allegations of Paragraph 46 are denied

47. The allegations of Paragraph 47 are denied. Further answering, Defendant specifically denies that it committed or attempted to commit insurance fraud with regard to the lost package, or that Plaintiff made any insurance claim in connection with the lost package. To the extent that Paragraph 47 purports to describe the content or effect of a referenced document, Defendant states that the document was not attached to Plaintiff's Complaint and has not been shared with Defendant. Defendant therefore specifically denies any allegations with regard to this document and leaves Plaintiff to his proof.

48. Answering the allegations of Paragraph 48, Defendant admits only that Mr. Cashman called Plaintiff in December 2016 to discuss the possibility that he was "moonlighting" with a competing company and that it ultimately concluded that he had been untruthful about his activities. The remaining allegations in Paragraph 48, including its subparts, are denied.

49. Answering the allegations of Paragraph 49, Defendant admits only that Plaintiff was permitted to continue working while Defendant determined how it would address his competitive activities. The remaining allegations in Paragraph 49 are denied.

50. Defendant is without sufficient knowledge to admit or deny Plaintiff's interactions with counsel and therefore the allegations in Paragraph 50 are denied.

51. The allegations in Paragraph 51 are denied.

52. The allegations in Paragraph 52 are denied.

53. Answering the allegations of Paragraph 53, Defendant admits only that the Plaintiff's employment was terminated on or around December 29, 2016. The remaining allegations in Paragraph 53 are denied.

54. Answering the allegations of Paragraph 54, Defendant admits only that the Plaintiff's employment was terminated on or around December 29, 2016. The remaining allegations in Paragraph 54 are denied.

55. Answering the allegations of Paragraph 55, Defendant admits only that the Plaintiff's employment was terminated on or around December 29, 2016. The remaining allegations in Paragraph 55 are denied.

56. Answering the allegations of Paragraph 56, Defendant admits only that the Plaintiff's employment was terminated on or around December 29, 2016 and that, pursuant to the controlling Commission Plan, which is attached hereto as **Exhibit B**, he was not eligible to receive

commissions for November and December 2016. The remaining allegations in Paragraph 56 are denied.

57. The allegations in Paragraph 57 are denied.

58. The allegations in Paragraph 58 are denied.

59. The allegations in Paragraph 59 are denied.

60. The allegations in Paragraph 60 are denied. Further answering, Defendant specifically denies that it committed or attempted to commit insurance fraud and/or investor fraud.

61. The allegations in Paragraph 61 are denied.

62. The allegations in Paragraph 62 are denied.

63. Paragraph 63 purports to restate and re-characterize the content of a document and allege its legal effect, and therefore no response is required. To the extent a response is required, Defendant admits that the document exists, but states that it speaks for itself and denies all allegations not consistent with the document.

64. Paragraph 64 purports to restate and re-characterize the content of a document and allege its legal effect, and therefore no response is required. To the extent a response is required, Defendant admits that the document exists, but states that it speaks for itself and denies all allegations not consistent with the document.

65. The allegations in Paragraph 65 are denied.

## RESPONSE TO THE FIRST CAUSE OF ACTION
### (Public Policy Discharge)

66. Defendant incorporates the responses to Paragraphs 1-65 as if fully restated herein.

67. The allegations in Paragraph 67, including all subparts, are denied.

68. The allegations in Paragraph 68 are denied.

69. The allegations in Paragraph 69 are denied.

70. The allegations in Paragraph 70 are denied.

71. The allegations in Paragraph 71 are denied.

72. The allegations in Paragraph 72 are denied.

## RESPONSE TO THE SECOND CAUSE OF ACTION
### (Defamation)

73. Defendant incorporates the responses to Paragraphs 1-72 as if fully restated herein.

74. The allegations in Paragraph 74 are denied.

75. The allegations in Paragraph 75 are denied.

76. The allegations in Paragraph 76 are denied.

77. The allegations in Paragraph 77 are denied.

78. The allegations in Paragraph 78 are denied.

## RESPONSE TO THE THIRD CAUSE OF ACTION
### (Unjust Enrichment)

79. Defendant incorporates the responses to Paragraphs 1-78 as if fully restated herein.

80. The allegations in Paragraph 80 are denied.

81. The allegations in Paragraph 81 are denied.

82. The allegations in Paragraph 82 are denied.

83. The allegations in Paragraph 83 are denied.

## FOR RELIEF

84. Defendant incorporates the responses to Paragraphs 1-83 as if fully restated herein.

85. Paragraph 85 contains a request for a jury trial to which no response is required. To the extent a response is deemed required, Defendant does not contest Plaintiff's demand at this time, but reserves the right to object should facts become known that would make a jury trial improper.

86. Paragraph 86 contains a request for an award of damages to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to any remedy or relief of any kind.

87. Paragraph 87 contains a request for equitable relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to any remedy or relief of any kind.

88. Paragraph 88 contains a request for a joint and several damages award to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to any remedy or relief of any kind.

89. Paragraph 89 contains a request for punitive damages to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to any remedy or relief of any kind and further denies that it has engaged in any intentional conduct which would warrant punitive damages to the Plaintiff.

90. Paragraph 90 contains a request for pre-judgment interest attorneys' fees, costs, award to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to any remedy or relief of any kind and further denies that the awards requested in Paragraph 90 are available under controlling law.

Any remaining allegations in the Complaint that are not expressly admitted or denied are hereby denied.

## AFFIRMATIVE DEFENSES

### FOR A FIRST DEFENSE

91. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

92. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### FOR A SECOND DEFENSE

93. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

94. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, laches and/or Plaintiff's failure to act in good faith.

### FOR A THIRD DEFENSE

95. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

96. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FOR A FOURTH DEFENSE

97. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

98. Any employment actions taken by Defendant with respect to Plaintiff were lawful and were based on legitimate, non-discriminatory and non-retaliatory reasons.

**FOR A FIFTH DEFENSE**

99.     Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

100.    Defendant's actions with respect to Plaintiff were based on legitimate, business-related and non-retaliatory reasons and complied at all times with all applicable law.

**FOR A SIXTH DEFENSE**

101.    Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

102.    At all times relevant, Plaintiff was an "at-will" employee of Defendant.

**FOR A SEVENTH DEFENSE**

103.    Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

104.    Plaintiff's termination did not violate any statutory or common law of South Carolina and Defendant did not ask Plaintiff to violate any law.

**FOR AN EIGHTH DEFENSE**

105.    Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

106.    Plaintiff's termination did not violate any clear mandate of South Carolina public policy recognized by applicable statutory or common law.

**FOR A NINTH DEFENSE**

107.    Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

108. At all times relevant herein, Plaintiff failed to meet Defendant's established work standards and violated company policies.

## FOR A TENTH DEFENSE

109. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

110. Plaintiff's claims are barred, in whole or in part, to the extent he violated policies and guidelines or disregarded his supervisors' or managers' instructions.

## FOR AN ELEVENTH DEFENSE

111. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

112. Plaintiff's claims are barred or diminished to the extent he has failed to mitigate or minimize his damages and/or losses, the existence of which Defendant denies.

## FOR A TWELFTH DEFENSE

113. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

114. Some or all of the purported claims and/or some or all of the relief requested in the Complaint are barred in whole or in part by acts, omissions, or events caused not by Defendant, but instead by Plaintiff and/or third parties.

## FOR A THIRTEENTH DEFENSE

115. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

116. Some or all of Plaintiff's claims may be barred by his breaches of his legal or contractual obligations to Defendant, as well as Plaintiff's duty of loyalty, fiduciary duty and by the doctrine of unclean hands.

### FOR A FOURTEENTH DEFENSE

117. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

118. Plaintiff's cause of action for wrongful termination in violation of public policy is barred to the extent Plaintiff has statutory remedies available.

### FOR A THIRTEENTH DEFENSE

119. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

120. Some or all of the purported claims and/or some or all of the relief requested in the Complaint are barred in whole or in part because the alleged wrongful acts of Defendant's employees or former employees were outside the course and scope of employment of such employee(s), were not in furtherance of Defendant's business, and were contrary to Defendant's efforts to comply with all applicable laws.

### FOR A FOURTEENTH DEFENSE

121. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

122. Some or all of the purported claims and/or some or all of the relief requested in the Complaint are barred in whole or in part because Defendant did not participate in, authorize, or ratify the alleged wrongful acts of Defendant's employee(s) and/or former employees.

**FOR A FIFTEENTH DEFENSE**

123. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

124. Some or all of Plaintiff's claims are barred because valid agreements controlled the Plaintiff's compensation.

**FOR A SIXTEENTH DEFENSE**

125. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

126. Plaintiff is not entitled to any actual, compensatory, punitive, special, or exemplary damages.

**FOR A SEVENTEENTH DEFENSE**

127. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

128. Plaintiff is not entitled to recover exemplary or punitive damages because any award of such damages would be unconstitutional under the United States Constitution and/or the South Carolina Constitution.

**FOR A EIGHTEENTH DEFENSE**

129. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

130. An award of any punitive damages against Defendant, in any amount, as sought by Plaintiff in this action, would violate Defendant's constitutional protection against, without limitation, excessive fines, cruel and unusual punishment, denial of due process, and denial of equal protection of the laws.

**NINETEENTH DEFENSE**

131. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

132. To the extent that Plaintiff engaged in misconduct, fraud, violation of Company policies, breach of his legal or contractual obligations to Defendant, or other conduct that would have resulted in his termination, or would have precluded him from obtaining employment, Plaintiff's damages, if any, are barred by the doctrine of after-acquired evidence.

**FOR A TWENTIETH DEFENSE**

133. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

134. Plaintiff is not entitled to any attorneys' fees, costs, or expenses.

**FOR A TWENTY-FIRST DEFENSE**

135. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

136. Defendant's publication of statements regarding Plaintiff, if any, were truthful.

**FOR A TWENTY-SECOND DEFENSE**

137. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

138. Defendants' publication of statements regarding Plaintiff, if any, were subject to conditional or qualified privilege.

**TWENTY-THIRD DEFENSE**

139. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

140. Defendants' publication of statements regarding Plaintiff, if any, were made in good faith.

## FOR A TWENTY-FOURTH DEFENSE

141. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

142. Plaintiff's claims may be barred because Defendant did not act with malice or reckless disregard for the truth.

## FOR A TWENTY-FIFTH DEFENSE

143. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

144. Some or all of Plaintiff's claims fail because Defendant did not exceed the scope of the applicable conditional or qualified privilege. Therefore, Plaintiff's defamation claim should be dismissed as a matter of law.

## FOR A TWENTY-SIXTH DEFENSE

145. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

146. Defendants' statements regarding Plaintiff, if any, were not intended to injure the Plaintiff, but were limited to those required by Defendant's respective interests or duties.

## FOR A TWENTY-SEVENTH DEFENSE

147. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

148. Defendant hereby gives notice of its intent to pursue relief against Plaintiff or Plaintiff's counsel pursuant to the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C.

Code Ann. § 15-36-10, based on Plaintiff's continued pursuit of claims clearly not supported by undisputed fact or law.

### FOR A TWENTY-EIGHTH DEFENSE

149. Defendant restates and reasserts each and every response provided above as of set forth herein verbatim.

150. Defendant reserves the right to raise additional defenses or claims as may be discovered during the course of this litigation.

**WHEREFORE**, Defendant respectfully requests that:

(a) The Complaint be dismissed in its entirety;

(b) Judgement be entered against Plaintiff and in favor of Defendant;

(c) Defendant be awarded its costs, attorneys' fees, and expenses in the amount and manner permitted by applicable law; and,

(d) This Court award such other and further relief as is just and proper.

**LITTLER MENDELSON, P.C.**

By: /s/ *William H. Foster*
William H. Foster
Federal Bar No. 6221
E-Mail: BFoster@littler.com
220 N. Main Street, Suite 500
Greenville, South Carolina 29601
Telephone: 864.775.3191

*Attorneys for Defendant MiMedx Group, Inc.*

August 23, 2019