**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Jon Michael Vitale,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MiMedx Group, Inc., Parker H. Petit, and William C. Taylor,<br><br>　　　　　Defendants. | C/A No.: 3:19-cv-00529-RBH<br><br>**PLAINTIFF AND DEFENDANT MIMEDX GROUP, INC.'S RULE 26(F) PLAN** |

In compliance with Rule 26(f) of the Federal Rules of Civil Procedure, Jon Michael Vitale ("Plaintiff"), along with MiMedx Group, Inc., ("Defendant"), hereby jointly[1] submit this Rule 26(f) Discovery Plan to the Court:

**RULE 26(f) DISCOVERY PLAN**

**(1) What changes should be made to the timing, form, or a requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

The Parties agree to waive Rule 26(a)(1) disclosures.

**(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

Discovery shall be conducted pertaining to the allegations set forth in the Complaint and the defenses set forth in the Answer. Specifically, discovery will be conducted to determine

---

[1] "Joint" or "Jointly" refers to Plaintiff and Defendant MiMedx Group, Inc. only. Defendants Petit and Taylor were excused from the scheduling order per Judge Harwell's Order Regarding Discovery (Dkt. 45).

whether the Defendant violated the law in terminating Plaintiff, failed to properly pay him, and defamed him. It is anticipated that discovery will be completed by the deadline set forth in the proposed First Amended Scheduling Order. The Parties do not anticipate the need to have discovery conducted in phases or to limit discovery except for as otherwise limited by the Federal Rules of Civil Procedure.

**(3) Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

- The Parties do not anticipate any issues relating to the disclosure or discovery of electronic data at this time.
- The Parties will default to production in a "pdf" format but will work cooperatively where a different or native format for documents/data is required.
- The parties agree to electronic service of discovery requests and responses.

**(4) Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.**

- The Parties do not anticipate any issues relating to claims of privilege or trial preparation materials currently.
- The parties agree that if a privileged or work product is incidentally produced it will be subject to a claw-back.
- The Parties, including Defendants Petit and Taylor, moved the Court for entry of a Confidentiality Order which was entered on September 17, 2019 (Dkt. 48).

**(5) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

None. Plaintiff and Defendants Petit and Taylor are currently conducting limited, personal jurisdictional discovery per the Court's direction of Judge Harwell (Dkt. 33).

**(6) Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

None known.

**CROMER BABB PORTER & HICKS, LLC**

By:  *s/J. Paul Porter*
J. Paul Porter (FID No. 11504)
Elizabeth M. Bowen (FID No. 12705)
P.O. Box 11675
Columbia, South Carolina 29211
Phone: 803-799-9530
Fax: 803-799-9533
Email: paul@cbphlaw.com
Email: beth@cbphlaw.com

*Attorneys for Plaintiff*

**LITTLER MENDELSON, P.C.**

By:  *s/William H. Foster*
William H. Foster (FID No. 6221)
Jill A. Evert (FID No. 13058)
220 N. Main Street, Suite 500
Greenville, SC 29601
Phone: 843-775-3191
Email: bfoster@littler.com
Email: jevert@littler.com

*Attorneys for Defendant MiMedx Group, Inc.*

October 1, 2019