# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Jon Michael Vitale,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MiMedx Group, Inc., Parker H. Petit, and William C. Taylor,<br><br>　　　　　Defendants. | C/A No.: 3:19-cv-00529-RBH<br><br>**CONSENT AMENDED SCHEDULING ORDER** |

　　　　Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. Discovery may begin upon receipt of this order.

1.　　　A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later than **September 16**.[1] At conference the parties shall confer concerning:

　　　(a)　　all matters set forth in Fed. R. Civ. P. 26(f);
　　　(b)　　whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary;[2]
　　　(c)　　whether a **confidentiality order** is necessary and appropriate;[3]

---

[1]Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to Plaintiff regardless of whether they have filed appearances. In cases involving a pro se party, a Rule 26(f) *conference* is not required; however, all parties are to submit a Rule 26(f) Report. *See* Local Civil Rule 16.00(B) & n.9; 26.03(A), (D).

[2]The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge. *See* Notice of Availability of United States Magistrate Judge, available from the Clerk's office or the Court's Internet site at http://www.scd.uscourts.gov.

[3]If the parties determine that a confidentiality order is necessary and appropriate, they should utilize the form found under the Forms Section on the court's website (www.scd.uscourts.gov). Instructions for use of the form order are also located on the website. The parties may propose modifications but such changes shall be drawn to the court's attention. Queries regarding use of the form should be directed to Judge Harwell's office.

  (d)  whether documents may be filed which require protection such as **filing under seal** pursuant to Local Civil Rule 5.03.[4]

2. The parties have agreed to waive initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

3. No later than **October 1, 2019** the parties shall file a Rule 26(f) Report in the form attached to this order. Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report.

4. Motions to join other parties and amend the pleadings shall be filed no later than **November 25, 2019**.

5. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel* has been disclosed to other parties by **February 27, 2020**. **\*NOTE: Amendments effective December 1, 2010, impose new disclosure requirements for certain expert witnesses.**

6. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel* has been disclosed to other parties by **March 24, 2020**. **\*NOTE: Amendments effective December 1, 2010, impose new disclosure requirements for certain expert witnesses.**

7. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **April 24, 2020**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. *See* Fed.R.Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3).

8. Discovery shall be completed no later than **June 24, 2020**. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. **No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02, and have had a telephone conference with Judge Harwell in an attempt to resolve the matter informally.**

9. All dispositive motions, Daubert motions, and all other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial (other than Daubert motions), shall be filed on or before **July 8, 2020**. *See* below ¶ 12 for motions in limine deadline.

10.  Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case on or before **September 8, 2020**. *See* Standing Order to Conduct Mediation, which sets forth mediation requirements and is found on the court's website under Judge Harwell's forms (http://www.scd.uscourts.gov). At least **thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of Standing Order to Conduct Mediation; (2) discussed the availability of mediation with the party; and (3) discussed the advisability and timing of mediation with opposing counsel.

11.  No later than **September 22, 2020** the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(6).

12.  Motions in limine must be filed at least three weeks prior to **November 3, 2020**. Responses to motions in limine shall be filed within seven (7) days after the motion is filed.

13.  Parties shall furnish the Court pretrial briefs seven (7) days prior to the date set for jury selection (Local Civil Rule 26.05).[1] Attorneys shall meet at least seven (7) days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule 26.07.(Attorneys are reminded to view the Court's instructions online regarding verdict forms, jury instructions, deposition designations, etc. that may be applicable to their case.)

14.  This case is subject to being called for jury selection and/or trial on or after **November 3, 2020**.

The parties' attention is specifically directed to Local Rule 5.03 regarding the filing of confidential material. The parties' attention is also directed to the Court's website regardingother orders that may be applicable to your case.

| | |
|---|---|
| October 2, 2019 | s/R. Bryan Harwell |
| Florence, South Carolina | R. Bryan Harwell |
| | Chief United States District Judge |

*/s/William H. Foster*
William H. Foster, Esq.
*Counsel for MiMedx Group, Inc.*

*/s/ J. Paul Porter*
J. Paul Porter, Esq.
*Counsel for Plaintiff*

---

[4] Judge Harwell requires that pretrial briefs information found in LCR 26.05 (A)-(M) be submitted only to the Judge's chambers; however, pretrial brief information contained in LCR 26.05(N)-(O) shall be served on opposing parties.